IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALLEN THOMAS BRAMBLE,<br><br>Defendant. | CR 03–78–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Allen Thomas Bramble's Motion for Early Termination of Supervised Release. (Doc. 616.) Mr. Bramble was adjudged guilty of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846; and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (2). (Doc. 369 at 1.) On September 17, 2004, Mr. Bramble was sentenced to a term of imprisonment of 360 months with five years of supervised release to follow. (*Id.* at 3–4.) Mr. Bramble's term of imprisonment was subsequently reduced to a period of 324 months. (Doc. 600 at 1.) Mr. Bramble completed his term of imprisonment on October 17, 2023. (Doc. 615 at 1.) As of the date of this order, he has completed approximately three years of his five-year term of supervised release. He now seeks termination of the remaining term of

supervised release. (Doc. 616.) The United States does not object to Mr. Bramble's motion. (Doc. 618.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Bramble began his term of supervised release on October 17, 2023 (Doc. 615 at 1), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Bramble's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Bramble waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Bramble's supervised release is obviously favorable to him, and the United States did not object. (Doc. 618.) Accordingly, the Court will dispose of this matter without a hearing.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Bramble's remaining term of supervised release. Mr. Bramble has served approximately 60% of his term of supervised release, and he has appears to have been fully compliant with all conditions of his release. (Doc. 618 at 2). The motion states that he has been gainfully employed since his release from prison and now works for United Parcel Service. (Doc. 616 at 1.) Mr. Bramble states that he enjoys his current employment, and is working to build his pension. (Doc. 616 at 2.) In addition, Mr. Bramble has purchased a vehicle and home, and continues to work to build a relationship with his son and grandchildren. (Doc. 616

at 1-2.) Mr. Bramble indicates that "I am no longer the person that I was when I was first [i]ncarcerated" and that he has "absolutely no desire to go back to a criminal lifestyle, or using drugs." (Doc. 616 at 2-3.) The Court finds these statements credible and sincere. The Court concludes that the § 3553(a) factors support early termination of his term of supervised release. The Court wishes Mr. Bramble the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 616) is GRANTED.

IT IS FURTHER ORDERED that Mr. Bramble's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 13th day of October, 2026.

Dana L. Christensen, District Judge
United States District Court